1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7     WEBCORE-OBAYASHI JOINT                    Case No. 19-cv-07799-SI
      VENTURE,
8
                   Plaintiff,
9                                               **ORDER RE: DISCOVERY**
             v.                                 Re: Dkt. Nos. 30, 31
10
      ZURICH AMERICAN INSURANCE
11    COMPANY,

12                 Defendant.

13

14         On September 18 and 21, 2020, the parties filed separate letters regarding disputes related

15   to defendant's discovery into "any allegations" "by anyone" that the loss in this case was caused by

16   faulty or defective workmanship, supplies, material, and specifications.  Defendant has requested

17   that plaintiff provide a Rule 30(b)(6) corporate designee on these topics as well as documents.

18         Defendant asserts that the requested discovery is relevant to whether the loss is excluded

19   under the Cost of Making Good Exclusion, while plaintiff argues that discovery about "allegations"

20   – as opposed to facts – is not relevant.  Plaintiff states that the many of the allegations in the

21   underlying construction defect litigation have been made "on information and belief," and that there

22   are numerous complaints and cross-complaints.  Plaintiff also asserts that the discovery is overly

23   burdensome and not proportional because the disputed deposition topics would require plaintiff to

24   educate a witness about allegations in the underlying construction defect litigation "involving

25   dozens of parties, innumerable allegations that are not relevant to this insurance dispute, and

26   millions of pages of documents related to those allegations."  Dkt. No. 31 at 1.  Plaintiff states that

27   defendant can obtain information about the construction defect litigation from those parties directly,

28   and notes that defendant has subpoenaed depositions of the parties in the underlying action.  Plaintiff

United States District Court
Northern District of California

1    asserts that in order to comply with the disputed document requests, plaintiff would be required to

2    "on an ongoing basis, collect and comb through every pleading, discovery exchange, deposition

3    transcript, and document in the underlying action and produce responsive materials." *Id*. at 2.

4    Plaintiff also states that it does not believe that defendant satisfied its meet and confer obligations

5    regarding the document requests because, *inter alia*, defendant refused to meet and confer

6    telephonically about the issue.

7         The Court finds that the parties have not complied with the Court's standing order[1]

8    regarding discovery, which requires that the parties engage in a telephone meet and confer prior to

9    the filing of a joint letter with the Court.   As such, the Court DENIES defendant's motion to compel

10   without prejudice to renewal after the parties conduct a meet and confer by telephone.

11        In the interest of judicial efficiency, the Court provides the following guidance regarding the

12   discovery disputes.  The Court is inclined to agree with plaintiff that, as framed, the discovery sought

13   is overbroad and overly burdensome, and the Court encourages defendant to narrow its requests and

14   deposition topics.  For example, defendant's letter brief states that plaintiff has refused to produce

15   expert reports, while plaintiff states that defendant never requested expert reports.  It is the Court's

16   view that any expert reports regarding the fractured girders are relevant and should be produced.  If

17   the parties are not able to resolve their disputes through further meet and confer, the parties may file

18   a joint letter brief in accordance with the Court's standing order.

19

20        **IT IS SO ORDERED**.

21

22   Dated: September  22, 2020          _____

23                                       SUSAN ILLSTON
                                         United States District Judge

24

25

26

27        [1]   The Court's Standing Order can be found at Dkt. No. 3-3 (3/19 version) as well as
28   www.cand.uscourts.gov/judges/Illston-susan-si/.  In light of the pandemic, the Court is not requiring
     an in person meet and confer.

United States District Court
Northern District of California

2