United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WEBCORE-OBAYASHI JOINT
VENTURE,

    Plaintiff,

v.

ZURICH AMERICAN INSURANCE
COMPANY,

    Defendant.

Case No.  19-cv-07799-SI

**ORDER DENYING DEFENDANT'S
MOTION TO STAY PROCEEDINGS**

Re: Dkt. No. 33

Defendant's motion to stay proceedings is scheduled for a hearing on November 13, 2020. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing.  The case management conference scheduled for November 13 at 3 p.m. remains on calendar.  For the reasons set forth below, the Court DENIES defendant's motion for a stay.  The Court will set a new schedule for discovery, as well as any other potential changes to the schedule, at the case management conference.

Defendant requests a stay of this case pending the development and adjudication of a factual and evidentiary record in the underlying state court litigation between Transbay Joint Powers Authority, plaintiff, and numerous subcontractors.  Defendant contends that the state court litigation centers on the "identical issues" remaining in this case, namely whether the fractures discovered in the Salesforce Transit Center steel girders resulted from plaintiff's or plaintiff's subcontractors faulty or defective workmanship, materials, supplies or specifications.  In the alternative, defendant seeks a 12 month continuance of all pretrial deadlines as well as the trial date.  Defendant asserts that plaintiff has refused to produce discovery essential to moving this case forward, and that as a result defendant has been hampered in its ability to conduct discovery.

United States District Court
Northern District of California

1

2       Plaintiff opposes defendant's request for a stay or a continuance of the trial date, though

3  plaintiff is amenable to a short continuance of discovery deadlines. Plaintiff argues that an indefinite

4  stay would be highly prejudicial to plaintiff and that defendant has overstated the potential

5  efficiencies gained by a stay as there are a number of other issues that must be litigated in this case

6  that are not at issue in the state court litigation. Plaintiff denies that it has not cooperated or

7  responded to discovery and accuses defendant of wasting time by not propounding discovery earlier

8  in the litigation and then seeking extremely broad discovery and refusing to narrow requests.

9  Plaintiff also states that the parties are currently negotiating modifications to the discovery schedule

10  and that the parties will present joint or separate proposals in the case management conference

statement due on November 6.

11       The Court's power to stay proceedings is "incidental to the power inherent in every court to

12  control the disposition of the causes on its docket with economy of time and effort for itself, for

13  counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). In evaluating the

14  propriety of a stay, the Court should consider "the possible damage which may result from the

15  granting of a stay, the hardship or inequity which a party may suffer in being required to go forward,

16  and the orderly course of justice measured in terms of the simplifying or complicating of issues,

17  proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall,* 300

18  F.2d 265, 268 (9th Cir.1962) (citing *Landis*, 299 U.S. at 254-55).

19       The Court concludes that defendant has not shown that a stay is warranted. The Court is

20  concerned about imposing an open-ended stay, particularly in light of the fact that the state court

21  litigation is still at the demurrer stage. Further, while the state court litigation involves the central

22  question of the cause of the fractures, plaintiff has identified additional issues that must be litigated

23  in this case regardless of what transpires in the state court litigation. It is the Court's view that the

24  better course is for the parties to cooperate in discovery and to modify the discovery schedule and

25  other deadlines and dates if necessary.[1] The Court will address modifications to the schedule at the

26

27      [1]  The Court is dismayed at the tenor of the parties' briefs and the accusations of gamesmanship and bad behavior with regard to discovery. The Court strongly encourages counsel

28  to cooperate with regard to discovery. In addition, the Court directs counsel to meet and confer by videoconference.

1   November 13 case management conference.

3   **IT IS SO ORDERED**.

5   Dated: November 3, 2020

_____

SUSAN ILLSTON
United States District Judge