UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEBCORE-OBAYASHI JOINT VENTURE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ZURICH AMERICAN INSURANCE COMPANY,<br><br>　　　　Defendant. | Case No. 19-cv-07799-SI<br><br>**ORDER RE: DISCOVERY**<br>Re: Dkt. No. 46 |

The parties have submitted a joint letter regarding two discovery disputes.

The first dispute concerns plaintiff's requests for discovery about the interpretation and drafting history of the Cost of Making Good Exclusion. Request for Production of Documents No. 33 seeks "All documents including manuals, in-house training materials, internal guidelines, interpretive documents, notes, emails, other explanatory materials, films, audios, and videotapes and all other materials used for in-house training or claims handling concerning any part of the COST OF MAKING GOOD EXCLUSION." Plaintiff also seeks to depose a Rule 30(b)(6) designee on "the drafting history of the COST OF MAKING GOOD EXCLUSION."

Plaintiff contends that this discovery is relevant because Zurich denied coverage based on the Cost of Making Good exclusion. Plaintiff asserts that "the drafting history of the exclusion, Zurich's own interpretations and understanding of its meaning, and the guidance Zurich provides to its employees on how to apply it is relevant to what Zurich – as the drafter – intended to exclude, and what was carved out from the exclusion." Dkt. No. 46 at 2. Plaintiff asserts that Zurich drafted this "uniquely worded" exclusion, "apparently deriving it from another form developed for the London market and designed to provide policyholders like WOJV with *broader* coverage." *Id*.

1    Plaintiff seeks an order compelling Zurich to produce all non-privileged documents and to provide
2    a detailed privilege log so that WOJV can assess the claimed privilege as to RFP 33 and to produce
3    a Rule 30(b)(6) witness regarding the drafting history of the exclusion.

4        Zurich asserts that it does not have non-privileged documents interpreting this exclusion,
5    and that "to the extent there are privileged documents on this subject with regard to WOJV's claims,
6    they will be included on a privilege log." *Id*. at 3.  Zurich states that "Zurich probably has privileged
7    coverage opinions from counsel in other insurance claims discussing the Cost of Making Good
8    exclusion[,] [h]owever, there is no way to identify all of those possible coverage opinions for a
9    privilege log without a manual review of thousands, if not tens of thousands, of other claim files."
10   *Id*.  Zurich asserts that such a review merely to create a privilege log is unreasonably burdensome.
11   With regard to the drafting history, Zurich asserts that the request is overbroad because it is not
12   limited in time or to any particular version of the Cost of Making Good exclusion, and that drafting
13   history is irrelevant because the terms of an insurance policy are interpreted according to their plain
14   and ordinary meaning.

15       The Court concludes that plaintiff is entitled to seek the discovery at issue.  California courts
16   have held that interpretive materials and drafting history can be relevant to construing the language
17   of insurance policies.  *See e.g.*, *Montrose Chemical Corp. v. Admiral Ins. Co.*, 10 Cal. 4th 645, 670-
18   71 (1995); *Maryland Cas. Co. v. Reeder*, 221 Cal. App. 3d 961, 971 (1990).  As such, the Court
19   finds that Zurich must produce all non-privileged documents, produce a privilege log, and produce
20   a Rule 30(b)(6) witness regarding the drafting history of the exclusion.  Plaintiff states that it agreed
21   to limit discovery about drafting history to the particular version of the exclusion contained in the
22   2009 policy issued to WOJV.  Plaintiff also states that it is not seeking documents interpreting the
23   exclusion that are only contained in unrelated claims files.  With these limitations and
24   understandings, the Court finds that the discovery sought is proportionate, reasonable and relevant.

25       The second dispute concerns plaintiff's request for a Rule 30(b)(6) deposition and
26   documents regarding Zurich's communications with coverage counsel with respect to the
27   underlying claim.  Plaintiff asserts that the discovery is relevant to a potential defense that Zurich
28   may assert, specifically that it relied on advice of counsel when it denied plaintiff's claim.  Plaintiff

1   requests an order compelling Zurich to either produce a 30(b)(6) witness and documents or to
2   unequivocally waive the defense. Zurich contends, *inter alia*, that the proper process for seeking
3   such information is for plaintiff to propound an interrogatory asking whether Zurich will in fact
4   assert an advice of counsel defense because Zurich has no obligation to voluntarily take a formal
5   litigation position.

6   The Court agrees with Zurich on this point. Zurich's answer does not raise the advice of
7   counsel defense. Because the information plaintiff seeks is privileged, the defense must be asserted
8   in order to render the otherwise protected testimony and documents relevant and discoverable.

**IT IS SO ORDERED**.

Dated: December 22, 2020

SUSAN ILLSTON
United States District Judge