UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEBCORE-OBAYASHI JOINT VENTURE,<br><br>             Plaintiff,<br><br>      v.<br><br>ZURICH AMERICAN INSURANCE COMPANY,<br><br>             Defendant. | Case No. 19-cv-07799-SI<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO SUPPLEMENT AND AMEND COMPLAINT**<br><br>Re: Dkt. No. 67 |

Plaintiff's motion for leave to amend and supplement the complaint is scheduled for a hearing on August 20, 2021. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is suitable for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court GRANTS the motion.

**DISCUSSION**

Plaintiff Webcore-Obayashi Joint Venture ("WOJV") seeks to amend and supplement the complaint to add a claim for punitive damages as well as 53 new paragraphs detailing defendant Zurich American Insurance Company's ("Zurich") investigation of WOJV's claim and denial. WOJV characterizes the new paragraphs as describing Zurich's "claims handling conduct," which it contends supports a claim for punitive damages. WOJV does not seek to add any new causes of action or parties, nor does WOJV expand the time period covered by the lawsuit.

Zurich opposes the motion, contending that WOJV's proposed amendments are futile and prejudicial. Zurich's opposition focuses on 10 of the 53 new paragraphs, Paragraphs 87-97, and Zurich argues that the proposed amendments are based entirely on Zurich's litigation conduct, not

claims-handling, and therefore that the amendments are barred by California's litigation privilege, Cal. Civ. Code § 47. Zurich also argues that the proposed amendments are prejudicial because they would require additional discovery and would subject Zurich's counsel to cross-examination at trial.

Courts may decline to grant leave to amend "only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013).

The Court has reviewed the proposed amended complaint and concludes that WOJV should be granted leave to amend. As an initial matter, the Court notes that Zurich only challenges 10 of the 53 proposed new or amended paragraphs in the complaint, and thus Zurich apparently concedes that the remaining paragraphs are not based on litigation conduct and instead relate to Zurich's pre-lawsuit investigation and denial of WOJV's claim, as well new allegations about Zurich's public statements (such as those in industry bulletins) regarding the practical difficulties of applying the Cost of Making Good Exclusion. The Court finds that these 43 paragraphs add information that would support a claim for punitive damages.

The contested new paragraphs – Paragraphs 87-97 – allege that after the filing of this lawsuit, Zurich has persisted in denying coverage, repeatedly changed its explanation for the denial of coverage, and failed to meet its continuing quasi-fiduciary obligations to WOJV. The parties disagree about whether evidence in support of such allegations would be barred by California's litigation privilege. The Court finds it does not need to resolve that question at this time, and that the matter can be addressed through a motion *in limine*. *See Fid. Nat. Fin., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburg, PA*, No. 09-CV-140-GPC-KSC, 2014 WL 1286392, at *7 (S.D. Cal. Mar. 28, 2014) ("To the extent that NU [National Auto. & Ins. Co.] contends that certain examples [of litigation conduct] infringe on its right to conduct a vigorous defense against this lawsuit, NU may file an in limine motion.").

However, as a general matter it is the Court's view that if this case proceeds to trial, both parties will present evidence about the history of the claim, the investigation, Zurich's original

reasons for denying the claim as stated in the denial letter, and Zurich's current contention that the fractures were caused by design defects. WOJV claims that Zurich has repeatedly changed its position, including during this litigation, and that these changes are evidence of malice and oppression; Zurich claims, based on essentially the same facts, that it has acted consistently, and that Zurich is asserting a defective design defense only after obtaining and analyzing millions of pages of documents in litigation discovery. Thus, even if particular evidence regarding Zurich's litigation conduct is inadmissible – an issue the Court need not reach at this time – the facts regarding Zurich's claims-handling and reasons for denying the claim, originally and currently, will come into evidence.

The Court also finds that Zurich will not be prejudiced by the amendment. WOJV states that it will need to conduct a limited amount of additional discovery regarding Zurich's wealth, and that WOJV will seek that information through limited written discovery and depositions that are already scheduled. The Court is not persuaded by Zurich's assertion that the amended complaint will require "extensive new discovery into WOJV's knowledge regarding the loss, the timing and source of that knowledge, including attorney-client and expert investigation, and the basis for WOJV's decision not to disclose information bearing on the claim to Zurich as part of the claims handling process." Opp'n at 2. Zurich does not explain why any of this additional discovery would be required by WOJV's proposed amendments. In any event, fact discovery has not yet closed, and the Court expects the parties to work cooperatively with regard to any additional discovery that flows from granting WOJV leave to file the amended complaint.

Accordingly, the Court GRANTS plaintiff's motion for leave to file an amended and supplemental complaint. Plaintiff shall file the amended complaint by August 13, 2021.

**IT IS SO ORDERED**.

Dated: August 10, 2021

SUSAN ILLSTON
United States District Judge