UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEBCORE-OBAYASHI JOINT VENTURE,<br><br>   Plaintiff,<br><br>  v.<br><br>ZURICH AMERICAN INSURANCE COMPANY, *et al.*,<br><br>   Defendants. | Case No. 19-cv-07799-SI<br><br>**ORDER OVERRULING ZURICH'S OBJECTION AND ADOPTING SPECIAL MASTER'S ORDER NO. 2**<br><br>Re: Dkt. Nos. 104, 105, 106, 137 |

  In an order filed December 2, 2021, the Special Master found that one of Zurich's documents was not protected by the attorney-client privilege and he ordered Zurich to produce an unredacted copy of the document to Webcore-Obayashi. Dkt. No. 104. Zurich objects to the order, contending that the Special Master made "clear errors in at least three material factual findings," and that the Special Master relied on those errors to conclude that the document was not privileged. Dkt. No. 106.

  The Court reviews the Special Master's findings of fact for clear error. *See* Order Appointing Martin Quinn As Special Master To Oversee Discovery And Referring Discovery Dispute. Dkt. No. 85, ¶ 16. "Clear error is deferential . . . requiring a definite and firm conviction that a mistake has been made." *Husain v. Olympic Airways*, 316 F.3d 829, 835 (9th Cir. 2002) (internal quotes and cites omitted; emphasis added throughout unless otherwise indicated). If the findings are "plausible, in light of the record viewed in its entirety, the [reviewing] court cannot reverse even if it is convinced it would have found differently." *Id*. The Special Master's conclusions of law are reviewed *de novo*. *See* Order Appointing Martin Quinn As Special Master To Oversee Discovery And Referring Discovery Dispute. Dkt. No. 85, ¶ 16. "However, if the

application of the law to the facts requires an inquiry that is 'essentially factual,' review is for clear error." *Husain*, 316 F.3d at 835.

The Court has reviewed the Special Master's Order No. 2, Zurich's objection thereto, Webcore-Obayashi Joint Venture's reply, and the record submitted by the parties. Applying the relevant standard of review, and for the reasons set forth in Webcore-Obayashi's reply, the Court OVERRULES Zurich's objection and adopts the Special Master's Order No. 2. The Court finds that the Special Master's factual findings regarding Ms. Franklin's declaration and deposition testimony are plausible and supported. The Court also agrees with the Special Master's findings regarding the absence of certain evidence that would show that the information at issue was requested for Ms. Frost or to enable Ms. Frost to provide legal advice and counsel, including the notable absence of a declaration from the lawyer, Ms. Frost. On the whole, the Court finds no clear error in the Special Master's factual findings, nor in the legal conclusions he draws from them. Zurich is directed to comply with the Special Master's Order immediately.

**IT IS SO ORDERED**.

Dated: January 11, 2022

SUSAN ILLSTON
United States District Judge