UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEBCORE-OBAYASHI JOINT VENTURE,<br><br>            Plaintiff,<br><br>    v.<br><br>ZURICH AMERICAN INSURANCE COMPANY, *et al.*,<br><br>            Defendants. | Case No. 19-cv-07799-SI<br><br>**ORDER DENYING ZURICH AMERICAN INSURANCE COMPANY'S MOTION TO STAY**<br><br>Re: Dkt. No. 110 |

On January 27, 2022, the Court held a hearing on Zurich American Insurance Company's motion to stay litigation.  For the reasons set forth below, the Court DENIES the motion.

Zurich seeks a stay of this litigation until the resolution of the state court litigation between Transbay Joint Powers Authority, Webcore-Obayashi, and numerous subcontractors.  Zurich contends, *inter alia*, that the state court litigation will resolve numerous outstanding questions about damages that Webcore-Obayashi is seeking in this case, and that until the state court case has concluded, the damages issues in this case are unripe and speculative.  Zurich also asserts that Webcore-Obayashi has refused to produce discovery that Zurich needs.

The Court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936).  In evaluating the propriety of a stay, the Court should consider "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  *CMAX, Inc. v. Hall,* 300

United States District Court
Northern District of California

United States District Court
Northern District of California

1    F.2d 265, 268 (9th Cir.1962) (citing *Landis*, 299 U.S. at 254-55).

2          The Court concludes that Zurich has not met its burden to show that a stay is warranted.  As

3    an initial matter, the Court notes that it has already granted several requests by Zurich for extensions

4    of pretrial deadlines and continuances of the trial date.  This case has been pending since 2019.  As

5    the Court stated in its previous order denying Zurich's request for an open-ended stay, the Court is

6    unwilling to stay this case for an undefined amount of time based upon the possibility that the state

7    court litigation may resolve certain matters that bear on issues in this case.  Further, at trial Webcore-

8    Obayashi has the burden of proving that it has been damaged, and Zurich is free to argue to the jury

9    that Webcore-Obayashi's damages are speculative.  With regard to discovery, the Court is aware

10   that there are a number of discovery motions that are currently being litigated before the Special

11   Master, and he will determine in the first instance whether Zurich is entitled to any relief with regard

12   to discovery.

13         In any event, as discussed at the January 27 hearing, due to the impact of the COVID-19

14   pandemic on the jury trial process, this case cannot proceed to trial on March 7 as previously

15   scheduled.  The new trial date is June 20, 2022.

16

17         **IT IS SO ORDERED**.

18

19   Dated: February 1, 2022

20                                                        _____
21                                                        SUSAN ILLSTON
                                                          United States District Judge
22

23

24

25

26

27

28

2