UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEBCOR-OBAYASHI JOINT VENTURE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ZURICH AMERICAN INSURANCE COMPANY,<br><br>　　　　　Defendant. | Case No. 19-cv-07799-SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO AMEND ITS ANSWER**<br><br>Re: Dkt. No. 184 |

　　　Zurich's motion for leave to amend its answer is scheduled for a hearing on May 6, 2022. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is suitable for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court GRANTS the motion.

　　　Zurich seeks to amend its answer to assert a single additional defense invoking California's litigation privilege under Cal. Civ. Code § 47(b). Zurich states that it wishes to amend its answer to ensure the record is clear as to a defense that Zurich has argued in this litigation. The Court previously allowed Webcor-Obayashi to amend and supplement its complaint with allegations of Zurich's alleged bad faith regarding its claims handling as well as a claim for punitive damages. Dkt. No. 71. Zurich opposed that motion on the ground that some of the additional allegations involved Zurich's conduct in this lawsuit and thus would be barred by the litigation privilege. In granting leave to amend, the Court noted that the parties disagreed about whether evidence in support of Webcor's additional allegations would be barred by the privilege, and the Court found that it did not need to resolve that question at that time and that the matter could be addressed through a motion *in limine*. *See Fid. Nat. Fin., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburg, PA*, No. 09-CV-140-GPC-KSC, 2014 WL 1286392, at *7 (S.D. Cal. Mar. 28, 2014) ("To the extent that NU

[National Auto. & Ins. Co.] contends that certain examples [of litigation conduct] infringe on its right to conduct a vigorous defense against this lawsuit, NU may file an in limine motion.").

Webcor opposes the motion on numerous grounds. Webcor argues that the defense would be futile because the litigation privilege is not a bar to Webcor's bad faith claim. Webcor also asserts that Zurich has delayed in seeking to amend and that the amendment will prejudice Webcor.

The Court is not persuaded by Webcor's arguments and finds that leave to amend should be granted. Zurich's invocation of the litigation privilege is not a surprise since it opposed Webcor's motion to amend on that basis. Zurich is not seeking to add any new factual allegations, and an amendment at this time does not inject any new issues into the case. As the Court previously stated, the question of whether the litigation privilege bars the introduction of specific evidence can be resolved through an in limine motion.

Accordingly, the Court GRANTS Zurich's motion for leave to file an amended answer. Zurich shall file the amended answer by April 28, 2022.

**IT IS SO ORDERED**.

Dated: April 26, 2022

SUSAN ILLSTON
United States District Judge